# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| Jennifer Paar,<br><br>    Plaintiff,<br><br>v.<br><br>Southwest Recovery Services, Inc,<br><br>    Defendant. | Case No.:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Defendant is a Texas corporation that maintained its principal place of business in Frisco, Texas at all times relevant to this action.

3. Plaintiff is a natural person who resided in Dallas, Texas at all times relevant to this action.

4. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

5. As described below, Defendant attempted to collect a debt that Plaintiff allegedly owed to Classic Property Management, which is a "debt" as defined by 15 U.S.C. §1692a(5).

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. On or around April 27, 2010, Defendant's employee ("Williams") telephoned Plaintiff's place of employment and left a message on the office answering machine.

8. On or around April 27, 2010, Plaintiff telephoned Defendant in response to the above referenced communication and spoke to Williams.

9. During this communication, Plaintiff notified Williams that Plaintiff did not owe the debt and would not pay the debt and notified Williams that Defendant's telephone calls to Plaintiff's place of employment were extremely inconvenient for Plaintiff.

10. During this communication, Williams stated that Defendant could call Plaintiff wherever it pleased.

11. During this communication, Williams stated that he would request a garnishment of Plaintiff's wages since Plaintiff did not want to pay the debt.

12. Despite Plaintiff's notice, Defendant telephoned Plaintiff's place of employment on numerous occasions in April 2010 and May 2010.

13. During at least one of these communications, Defendant falsely represented its identity as the "Jacobs Law Firm".

14. During several of these communications, Defendant left a voice message on the office answering machine, which was answered by Plaintiff's coworkers, disclosing that Defendant was attempting to collect a debt from Plaintiff.

15. In at least one of the voice messages answered by one of Plaintiff's coworkers, Defendant falsely represented that a constable would be serving Plaintiff with a summons at her place of employment that day.

16. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## JURY DEMAND

26. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

27. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

                        RESPECTFULLY SUBMITTED,

                    By: /s/ Bryan Fears
                        Bryan Fears, Bar # 24040886
                        Macey & Aleman, P.C. – Of Counsel
                        4925 Greenville Avenue, Suite 715
                        Dallas, TX 75206
                        Telephone: (214)-890-0711
                        Email: fears@fnlawfirm.com